FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY-J: ESPINDA, presenting herself sui juris,<br><br>               Plaintiff,<br><br>v.<br><br>KEN HOHENBERG, and/or his successor, individually and in his official capacity as Chairman/CEO of HAPO Community Credit Union a Corp of Washington, an ens legis being used to conceal fraud; JUDGE JOSEPH BURROWES, and/or his successor, individually, and in his official capacity as Benton County Judge, an ens legis being used to conceal fraud; THOMAS CROSKREY, and/or his successor, individually, and in his official capacity as Benton County Sheriff, an en legis used to conceal fraud; ANDREW CLARK, and/or his successor, individually, and in his official capacity as Deputy Prosecuting Attorney, an ens legis being used to conceal fraud, JAMES KIDDY, and/or his successor, individually, and in his official capacity as Pres/CEO of Gotchacar Inc., an ens legis being used to conceal fraud; | No. 4:23-cv-05155-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND IMPOSITION OF PERMANENT INJUNCTIVE RELIEF |

ORDER - 1

| | |
|---|---|
| 1 | MICHELLE BERTOLINO, and/or his successor, individually, and in his officially capacity as President/Farleigh Wada Witt., an ens legis being used to conceal fraud; SAMUEL MEYLER, and/or his successor, individually, and in his official capacity as Owner/Meyler Legal, PLLC., an ens legis being used to conceal fraud; and JOHN DOES INVESTORS 1-10,000, |
| | Defendants. |

Plaintiff filed a Complaint and Motion for Temporary Restraining Order (TRO) on November 21, 2023. ECF Nos. 1, 3. Before the Court is Plaintiff's "Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property; And Imposition of Permanent Injunctive Relief Barring the Sale of the Real Property By Defendants." ECF No. 3. The Court has considered the motion and the record and is fully informed. Plaintiff did not request a hearing, and the Court finds a hearing would not materially aid the resolution of the pending motion and is therefore resolving the motion without a hearing. *See* Fed. R. Civ. P. 78(b); LCivR 7(i)(3)(B)(iii). For the reasons discussed below, Plaintiff's Motion, ECF No. 3, is denied.

## BACKGROUND

### A. Procedural Background

This is the fourth Complaint Plaintiff has filed this year; all the claims arise out of debt collection actions taken against Plaintiff. *See Espinda v. Cardoza,*

ORDER - 2

4:23-cv-5023-MKD (E.D. Wash. Feb. 21, 2023); *Espinda v. Hohenberg,* 4:23-cv-5155-MKD (E.D. Wash. November 21, 2023); *Espinda v. Wasson,* 4:23-cv-5032-MKD (E.D. Wash. Oct. 16, 2023). Plaintiff filed the Complaint and Motion for Temporary Restraining Order in the instant case on November 21, 2023. ECF Nos. 1, 3.

### B. Allegations

Plaintiff contends Defendants have engaged in "banking fraud," resulting in Plaintiff receiving a notice of foreclosure for her home. ECF No. 1 at 10. Plaintiff seeks an order postponing all further actions against her in the foreclosure of her home. *Id.* at 10, 13. Plaintiff also contends Defendant Croskey engaged in a ruse with Defendant Kiddy to steal Plaintiff's car and alleges Defendant Croskrey kidnapped her. *Id.* at 11, 14. Plaintiff contends Defendants Judge Burrowes and Meyler caused an unlawful order to be entered, authorizing the Sheriff's Department to unlawfully enter Plaintiff's home. *Id.* at 12. Plaintiff contends Defendants are conspiring against her. *Id.* at 13. Plaintiff alleges Defendant Bertolino has engaged in retaliation against her. *Id.* Plaintiff also contends Defendant Clark created a warrant that caused Plaintiff to be "kidnapped and detained" against her will. *Id.* at 14. As discussed further *infra*, it is unclear which federal rights Plaintiff alleges have been violated.

ORDER - 3

### C. Sovereign Citizen Ideology

Plaintiff claims appear to be based on "sovereign citizen" concepts, including the idea that there is a difference between a person, who is a corporation, and a person who is a "living woman." *Id.* at 4, 11.  Plaintiff cites to the Uniform Commercial Code, which has no relevance to the issues at hand, and is commonly relied on by sovereign citizens.  *See United States v. Perkins*, 2013 WL 3820716, at *1-*2 (N.D. Ga. 2013).  Plaintiff's Complaint also contains a thumb print and her zip code in brackets, which are both indicators her contentions are based on sovereign citizen ideology.  *See Garcia v. County of Bucks*, 2018 WL 3585086 at *2 n.2 (E.D. Pa. July 25, 2018); Gary Blankenship, *Entities Briefed on 'Sovereign Citizens'*, 41 THE FLORIDA BAR NEWS, Nov. 1, 2014.

Courts have repeatedly held sovereign citizen arguments are meritless.  *See, e.g.*, *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016); *Bendeck v. U.S. Bank Nat'l Ass'n*, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw. June 23, 2017) (quoting *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw. July 2, 2015)) (noting that courts across the country have rejected "sovereign citizen" and similar theories as "frivolous, irrational [and] unintelligible."); *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (noting that sovereign citizens believe they are "not subject to government authority and employ various tactics in an attempt to,

ORDER - 4

among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). This Court, like others across the country, has concluded that "'sovereign citizen,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *See Osburn v. Washington State Child Support Enforcement et al.*, 1:22-cv-3036-MKD (E.D. Wash. Dec. 6, 2022) (ECF No. 25); *Joe Elton Mosley, LLC v. Walmart*, No. 320CV00184MMDWGC, 2020 WL 1846553, at *3 (D. Nev. Mar. 26, 2020), *report and recommendation adopted*, No. 320CV00184MMDWGC, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (quoting *Paul v. New York*, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013)).

The Court notes that Plaintiff asserts that she is presenting herself sui juris. ECF No. 1 at 1. Federal courts, however, consider parties to be appearing pro se even where the parties have asserted they are appearing sui juris rather than pro se. *See, e.g., Petricca v. Simpson*, 862 F. Supp. 13, 15 (D. Mass. 1994); *Muhammad v. Bonner*, No. 05 CV 1851(RJD)(LB), 2008 WL 926574, at *1 n.1 (E.D.N.Y. Mar. 31, 2008); *Hall v. Washington Mut. Bank,* No. CV1001606DMGVBKX, 2010 WL 11549664, at *3 (C.D. Cal. July 7, 2010).

## LEGAL STANDARD

"[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir.

ORDER - 5

2017) (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  To obtain a TRO, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The court is to apply a "sliding scale" approach to these factors; a strong showing of one element may offset a weaker showing of another.  *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022).  "[W]hen the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only serious questions going to the merits."  *Id.* (quotations omitted).

It is generally the party seeking an injunction's burden to demonstrate that injunctive relief is warranted.  *Right to Life of Cent. Cal. v. Bonta*, 562 F. Supp. 3d 947, 955 (E.D. Cal. 2021).  The rules of evidence are relaxed in preliminary injunctive proceedings, and a preliminary injunction may only be awarded upon a clear showing of evidence supporting each factor.  *Perlot v. Green*, 609 F. Supp. 3d 1106, 1116 (D. Idaho 2022).

"A prohibitory injunction maintains the status quo whereas a mandatory injunction 'goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored.'"  *Doe v. Samuel Merritt Univ.*, 921 F. Supp. 2d 958, 962-63 (N.D.Cal.2013) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320

ORDER - 6

(9th Cir. 1994) (internal quotation marks omitted)).  The status quo is the "last, uncontested status which preceded the pending controversy." *Id.* (quotations omitted).

## DISCUSSION

Plaintiff seeks an emergency temporary restraining order and a permanent injunction against Defendants to stay the sale of her home.  ECF No. 3 at 1-2.  As to the first element, Plaintiff contends it is evident Defendant's conduct is wrongful and violates Plaintiff's property rights.  *Id.* at 5.  She contends because her rights are clear and unambiguous, it is likely she will succeed on the merits of her claim.  *Id.* at 5-6.

However, Plaintiff is unlikely to succeed on the merits of her case.  As discussed *supra*, Plaintiff's contentions are largely based on meritless sovereign citizen beliefs which lack a basis in law.  Plaintiff also has not demonstrated this Court has jurisdiction over the case.  Plaintiff's Complaint states the basis for jurisdiction is federal question jurisdiction.  ECF No. 1 at 4.  However, it is unclear what federal rights she alleges have been violated.  It appears she may be alleging her First Amendment rights were violated, but the facts of the Complaint do not clearly set forth a First Amendment claim.  *Id.*

Plaintiff lists criminal statutes, and then states, "In violation of FDCPA Regulations listed above." *Id.* at 9-10.  Plaintiff alleges she is the "victim of

ORDER - 7

1  organized crime and bank fraud." *Id.* at 11.  She states she is "pressing both

2  criminal and civil [c]harges against all listed as defendants." *Id.* at 20.  To the

3  extent Plaintiff asserts violations of criminal laws, no private right of action exists

4  to enforce criminal statutes.  Federal criminal claims may not be brought by

5  anyone other than the United States.  *See, e.g., United States v. Nixon*, 418 U.S.

6  683, 693 (1974) (noting that the executive branch has exclusive authority to decide

7  whether to prosecute a case).  As such, the criminal allegations do not present a

8  basis for jurisdiction.  Plaintiff does not list any portions of the Fair Debt

9  Collection Practice Act (FDCPA) and does not explain how the FDCPA was

10 violated.

11       On the civil cover sheet, Plaintiff states the basis of jurisdiction is federal

12 question, but also completed the section for diversity cases.  ECF No. 1-1.

13 Plaintiff stated she is a citizen or subject of a foreign country and wrote "26 USC

14 871."  *Id.*  The cited regulation applies to nonresident alien individuals.  26 U.S.C.

15 § 871.  Sovereign citizens' contentions that they are not citizens or residents of a

16 state and therefore are outside the United States' jurisdiction have been

17 consistently rejected.  *See, e.g., U.S. v. Hilegeford*, 7 F.3d 1340, 1342 (7th Cir.

18 1993) (quoting *U.S. v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992)).  Plaintiff does

19 not present any facts to support finding diversity jurisdiction exists.

20

ORDER - 8

As Plaintiff has not demonstrated this Court has jurisdiction over the case, Plaintiff is unlikely to succeed on the merits of her case. Further, even if the Court has jurisdiction, Plaintiff's allegations largely concern claims of criminal activity, which fail to state a claim. Plaintiff has not presented facts to support her bare assertions that her First Amendment rights and the FDCPA were violated.

Plaintiff contends the other three elements are satisfied, because she is likely to suffer irreparable harm in the absence of preliminary relief as her property rights will be harmed, and such order is in the public interest and would not harm Defendants. ECF No. 3 at 6-7. However, an order preventing what appears to be a lawful foreclosure from proceeding would negatively impact the Defendants involved in the action, who are working toward closure of the issue. Plaintiff has repeatedly brought claims that are unsupported by the law against those involved in debt collection actions against her and providing a TRO for what appears to be a meritless claim is not in the public interest.

Accordingly, **IT IS HEREBY ORDERED**

1. Plaintiff's "Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property; And Imposition of Permanent Injunctive Relief Barring the Sale of the Real Property By Defendants," **ECF No. 3**, is **DENIED.**

ORDER - 9

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide a copy to *pro se* Plaintiff.

DATED December 5, 2023.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE