FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY-J: ESPINDA, presenting herself sui juris,<br><br>            Plaintiff,<br><br>v.<br><br>KEN HOHENBERG, and/or his successor, individually and in his official capacity as Chairman/CEO of HAPO Community Credit Union a Corp of Washington, an ens legis being used to conceal fraud; JUDGE JOSEPH BURROWES, and/or his successor, individually, and in his official capacity as Benton County Judge, an ens legis being used to conceal fraud; THOMAS CROSKREY, and/or his successor, individually, and in his official capacity as Benton County Sheriff, an en legis used to conceal fraud; ANDREW CLARK, and/or his successor, individually, and in his official capacity as Deputy Prosecuting Attorney, an ens legis being used to conceal fraud, JAMES KIDDY, and/or his successor, | No. 4:23-CV-05155-MKD<br><br>ORDER DENYING MOTION TO RECUSE AND MOTION TO REINSTATE EMERGENCY TEMPORARY RESTRAINING ORDER |

|   |   |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | individually, and in his official capacity as Pres/CEO of Gotchacar Inc., an ens legis being used to conceal fraud; MICHELLE BERTOLINO, and/or his successor, individually, and in his officially capacity as President/Farleigh Wada Witt., an ens legis being used to conceal fraud; SAMUEL MEYLER, and/or his successor, individually, and in his official capacity as Owner/Meyler Legal, PLLC., an ens legis being used to conceal fraud; and JOHN DOES INVESTORS 1-10,000,<br><br>Defendants. |   |

Before the Court is Plaintiff's Motion to Recuse and Motion to Reinstate Emergency Temporary Restraining Order (TRO), ECF No. 15. The Court has considered the motion and the record and is fully informed. Plaintiff did not request a hearing, and the Court finds a hearing would not materially aid the resolution of the pending motion and is therefore resolving the motion without a hearing. *See* Fed. R. Civ. P. 78(b); LCivR 7(i)(3)(B)(iii). For the reasons discuss herein, the motion is denied.

## BACKGROUND

A. Procedural Background

Plaintiff filed the Complaint and Motion for TRO on November 21, 2023. ECF Nos. 1, 3. The Court denied Plaintiff's Motion for Temporary Restraining Order on December 5, 2023. ECF No. 5. Plaintiff then filed the Motion to Recuse

ORDER DENYING MOTION TO RECUSE AND MOTION TO RESINSTATE EMERGENCY TEMPORARY RESTRAINING ORDER - 2

and Motion to Reinstate TRO.  ECF No. 15.  Plaintiff also filed a copy of an "Investigation Demand."  ECF No. 16.

### B. Motion to Recuse

Plaintiff's motion states it is a request for "Judge Mary K. Dimke to recuse herself due to bias and prejudice."  ECF No. 15 at 1.  Plaintiff contends the Court is biased against Plaintiff and/or for Defendants, because the Court denied Plaintiff's motion for TRO and because of the Court's handling of Plaintiff's multiple other cases pending in this district.  *Id.* at 2.

"The standard for recusal under 28 U.S.C. §§ 144 [and] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotations and citations omitted).  A party seeking recusal is required to file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party. . . ."  28 U.S.C. § 144.  The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists," and "[a] party may file only one such affidavit in any case."  *Id.*

The undersigned judicial officer may determine whether Plaintiff has filed an affidavit that is legally sufficient.  *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass

ORDER DENYING MOTION TO RECUSE AND MOTION TO RESINSTATE EMERGENCY TEMPORARY RESTRAINING ORDER - 3

on its legal sufficiency") (citations omitted).  "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

     First, Plaintiff has not filed an affidavit alleging facts related to the contention the Court is biased or prejudiced.  While Plaintiff attached multiple documents she has labeled affidavits, ECF No. 15 at 4-5, the documents do not address Plaintiff's contention of bias/prejudice.  Second, Plaintiff contends the Court is biased based on actions taken within Plaintiff's cases.  Plaintiff does not cite to any extrajudicial source of bias or prejudice, as required by 8 U.S.C. § 144.  Plaintiff contends only that the Court has "pre-judged" Plaintiff's "character, claims, and integrity," while "openly showing bias and favor" towards Defendants.  *Id.* at 3.  Plaintiff contends the Court is "siding with the defendants." *Id.* at 4.  The mere fact that a judge has ruled against a party does not indicate bias by a judge. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (holding that allegations stemming entirely from a judge's adverse rulings were an inadequate basis for recusal); *Liteky v. United States*, 510 U.S. 540 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").  Plaintiff

ORDER DENYING MOTION TO RECUSE AND MOTION TO RESINSTATE EMERGENCY TEMPORARY RESTRAINING ORDER - 4

does not offer any basis to question the Court's impartiality in this matter beyond the Court's rulings in Plaintiff's cases.

Accordingly, the Court finds that no grounds for recusal exist. Plaintiff's motion to recuse is denied.

### C. Temporary Restraining Order

Plaintiff asks the Court to reinstate and grant the motion for TRO. ECF No. 15 at 1, 3-4. The Court construes the motion as a motion for reconsideration. "[A]s long as a district court has jurisdiction over the case, [ ] it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001). Plaintiff appears to contend that the attached exhibits support her motion for TRO. ECF No. 15. Plaintiff attached copies of this Court's orders and judgments in the instant case and Plaintiff's other cases in this district. ECF Nos. 15-1, 15-2, 15-3. Plaintiff also attached various documents, such as letters and an email she sent to Sheriff Tom Croskrey, ECF No. 15-4, 15-7, 15-11, and documents labeled "Affidavit of Truth" Plaintiff sent to Josie Delvin, HAPO Community Credit Union, Judge Joseph Burrowes, Michelle Bertolino, Ken Hohenberg, and James Kiddy. ECF Nos. 15-5, 15-6, 15-8, 15-9, 15-10, 15-12. Plaintiff attached multiple documents in which she handwrote notes on them, such as an Order Awarding Possession of Property to

Plaintiff HAPO Community Credit Union, ECF No. 15-13.  Several attachments address correspondence between Plaintiff and HAPO.  ECF Nos. 15-13, 15-14, 15-15, 15-16.  Plaintiff contends ECF Nos. 15-16, 15-17, 15-18, 15-19, 15-20, demonstrate HAPO broke banking and security exchange laws.  ECF No. 15-16.

   Plaintiff has presented no basis for the Court the reconsider the TRO.  Plaintiff has made the same claims raised in the initial complaint, and the motion and attachments do not cure the deficiencies identified by the Court in the prior order.  ECF No. 5.  As such, Plaintiff's motion is denied.

   **IT IS ORDERED:**

   1.  The Motion to Recuse and Reinstate TRO, **ECF No. 15**, is **DENIED.**

   **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to *pro se* Plaintiff and counsel.

   DATED January 9, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO RECUSE AND MOTION TO RESINSTATE EMERGENCY TEMPORARY RESTRAINING ORDER - 6