1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 21, 2024**

SEAN F. McAVOY, CLERK

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7
KATHY-J:  ESPINDA, presenting
herself sui juris,

8
                    Plaintiff,

9
    v.

10
KEN HOHENBERG, and/or his
successor, individually and in his official

11
capacity as Chairman/CEO of HAPO
Community Credit Union a Corp of

12
Washington, an ens legis being used to
conceal fraud; JUDGE JOSEPH

13
BURROWES, and/or his successor,
individually, and in his official capacity

14
as Benton County Judge, an ens legis
being used to conceal fraud; THOMAS

15
CROSKREY, and/or his successor,
individually, and in his official capacity

16
as Benton County Sheriff, an en legis
used to conceal fraud; ANDREW

17
CLARK, and/or his successor,
individually, and in his official capacity

18
as Deputy Prosecuting Attorney, an ens
legis being used to conceal fraud,

19
JAMES KIDDY, and/or his successor,
individually, and in his official capacity

20
as Pres/CEO of Gotchacar Inc., an ens
legis being used to conceal fraud;

No. 4:23-cv-05155-MKD

ORDER GRANTING
DEFENDANTS BURROWES,
MEYLER, HOHENBERG AND
BERTOLINO'S MOTIONS TO
DISMISS

**ECF Nos. 12, 23, 24, 25**

ORDER - 1

1  MICHELLE BERTOLINO, and/or his
   successor, individually, and in his
2  officially capacity as President/Farleigh
   Wada Witt., an ens legis being used to
3  conceal fraud; SAMUEL MEYLER,
   and/or his successor, individually, and in
4  his official capacity as Owner/Meyler
   Legal, PLLC., an ens legis being used to
5  conceal fraud; and JOHN DOES
   INVESTORS 1-10,000,
6
                          Defendants.
7

        Before the Court are Motions to Dismiss from Defendant Burrowes, ECF

No. 12, Defendant Meyler, ECF No. 23, Defendant Hohenberg, ECF No. 24, and

Defendant Bertolino, ECF No. 25.  Plaintiff filed a response to the motions as well

as a second motion to recuse.  ECF No. 27.  The Court denied the motion to recuse

by separate order.  ECF No. 28.  The Court has considered the motions and the

record and is fully informed.  For the reasons discussed below, the motions to

dismiss are granted.

                              **BACKGROUND**

   **A. Procedural Background**

        This is the fourth Complaint Plaintiff has filed this year; all the claims arise

out of debt collection actions taken against Plaintiff.  *See Espinda v. Cardoza,*

4:23-cv-5023-MKD (E.D. Wash. Feb. 21, 2023); *Espinda v. Hohenberg,* 4:23-cv-

5155-MKD (E.D. Wash. November 21, 2023); *Espinda v. Wasson,* 4:23-cv-5032-

MKD (E.D. Wash. Oct. 16, 2023).  Plaintiff filed the Complaint and Motion for

ORDER - 2

Temporary Restraining Order (TRO) in the instant case on November 21, 2023.

ECF Nos. 1, 3.  The Court denied Plaintiff's Motion for TRO on December 5,

2023.  ECF No. 5.  On January 4, 2024, Plaintiff filed a Motion to Recuse and

Motion to Reinstate TRO, ECF No. 15, and a "Notice of Investigation Demand,"

ECF No. 16.  The Court denied the Motion to Recuse and Motion to Reinstate

TRO, ECF No. 21.  Defendants Judge Burrowes, Meyler, Hohenberg, and

Bertolino have filed Motions to Dismiss.  ECF Nos. 12, 23, 24, 25.  Plaintiff filed

an "Answer to Dismissal," and Second Motion to Recuse, ECF No. 27, which the

Court construes as a response to the four motions to dismiss.  Defendants

Croskrey, Clark, and Kiddy have not appeared in the case.

### B. Allegations

Plaintiff contends Defendants have engaged in "banking fraud," resulting in

Plaintiff receiving a notice of foreclosure for her home.  ECF No. 1 at 10.  Plaintiff

seeks an order postponing all further actions against her in the foreclosure of her

home.  *Id.* at 10, 13.  Plaintiff also contends Defendant Croskrey engaged in a ruse

with Defendant Kiddy to steal Plaintiff's car and alleges Defendant Croskrey

kidnapped her.  *Id.* at 11, 14.  Plaintiff contends Defendants Judge Burrowes and

Meyler caused an unlawful order to be entered, authorizing the Sheriff's

Department to unlawfully enter Plaintiff's home.  *Id.* at 12.  Plaintiff contends

Defendants are conspiring against her.  *Id.* at 13.  Plaintiff alleges Defendant

ORDER - 3

1  Bertolino has engaged in retaliation against her.  *Id.*  Plaintiff also contends

2  Defendant Clark created a warrant that caused Plaintiff to be "kidnapped and

3  detained" against her will.  *Id.* at 14

4                              **LEGAL STANDARD**

5          To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

6  sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

7  on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of

8  the elements of a cause of action, supported by mere conclusory statements, do not

9  suffice."  *Id.*  In considering a motion to dismiss for failure to state a claim, the

10  Court must accept as true the well-pleaded factual allegations and any reasonable

11  inference to be drawn from them, but legal conclusions are not entitled to the same

12  assumption of truth.  *Id.*  A complaint must contain either direct or inferential

13  allegations respecting all the material elements necessary to sustain recovery under

14  some viable legal theory.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562

15  (2007).  "Factual allegations must be enough to raise a right to relief above the

16  speculative level."  *Id.* at 555.

17          "Dismissal can be based on the lack of a cognizable legal theory or the

18  absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri*, 901

19  F.2d at 699.  Although *pro se* pleadings are held to less stringent standards than

20  those prepared by attorneys, *pro se* litigants in an ordinary civil case should not be

ORDER - 4

1  treated more favorably than parties with attorneys of record.  *See Jacobsen v.*

2  *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

3                                    **DISCUSSION**

4     **A. Service**

5         Pursuant to Federal Rule of Civil Procedure 4 (Rule 4), the Complaint and

6  summons must be served upon Defendants within 90 days of filing.  Fed. Rule Civ.

7  Pro. 4(m).  Service is allowed by delivering a copy of the summons and the

8  complaint to the defendant personally; leaving a copy at the individual's dwelling

9  or usual place of abode with someone of suitable age and discretion who resides

10  there; or delivering a copy to an agent authorized by appointment or by law to

11  receive service of process.  Fed. R. Civ. P. 4(e).  Service may also be accomplished

12  by following state law for serving a summons.  *Id.*  Washington law requires the

13  same personal service required by Rule 4 or allows service by leaving a copy of the

14  summons and complaint at the party's usual mailing address with a person of

15  suitable age and discretion who is a resident, proprietor, or agent thereof, and by

16  thereafter mailing a copy by first-class mail, postage prepaid, to the person to be

17  served at their usual mailing address.  Wash. Rev. Code Ann. § 4.28.080 (16)-(17).

18  Per the local rules, Plaintiff is required to serve the summons and complaint on

19  Defendants and provide proof to the Clerk of Court after service has been

20  accomplished.  LCivR 4.

ORDER - 5

1    Plaintiff provided affidavits of service on February 16, 2024.  ECF No. 26.

2    Defendants Croskrey, Clark, and Kiddy have not appeared in this case.  Defendant

3    Judge Burrowes, stated in his Motion to Dismiss that he had not been properly

4    served.  ECF No. 12 at 7-8.  It appears Defendant Croskrey was served at his usual

5    place of abode, ECF No. 26 at 8, however, Defendants Clark and Kiddy were

6    improperly served by substitution at what appears to be their place of work and not

7    at their usual abode, *id.* at 10, 12.  Neither the Federal Rules nor Washington law

8    allow a party to serve an individual by leaving a copy of the complaint at the

9    person's place of employment.  RCW 4.28.080(17); *Dolby v. Worthy*, 141 Wash.

10   App. 813, 817 (2007) ("An individual defendant cannot be served by serving an

11   employee at defendant's place of business.").  Plaintiff does not offer any

12   explanation as to why the parties were not properly served.  *See* ECF No. 27 at 2-4.

13   As Plaintiff has not complied with Rule 4 as to Defendants Clark and Kiddy, the

14   claims against Defendants Clark and Kiddy are dismissed.  Even if the Court did

15   not dismiss Defendants Clark and Kiddy due to the failure to comply with Rule 4,

16   they would be entitled to dismissal for the reasons discussed *infra.*

17

18

19       **B. Immunity**

20

ORDER - 6

1    Defendant Judge Burrowes contends he is entitled to judicial immunity and

2  immunity under the Eleventh Amendment.  ECF No. 12 at 5-8.  As to judicial

3  immunity, judges are generally immune from civil liability under Section 1983.

4  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).  There are two circumstances in which

5  judicial immunity can be overcome: 1) the actions were not taken in the judge's

6  judicial capacity; or 2) the actions were taken without jurisdiction.  *Id.* at 11-12.

7  Here, Plaintiff has not alleged facts that would demonstrate Defendant Judge

8  Burrowes is not entitled to judicial immunity.

9    Defendant Judge Burrowes is also entitled to immunity under the Eleventh

10  Amendment.  An official sued in their official capacity is entitled to Eleventh

11  Amendment immunity.  *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992).

12  Plaintiff does not set forth facts to support a finding an exception applies, nor that

13  Defendant has waived immunity.  Plaintiff's response does not address Defendant

14  Judge Burrowes' contention.  ECF No. 27.  Thus, Defendant Judge Burrowes is

15  entitled to judicial immunity, and immunity under the Eleventh Amendment as to

16  the claims against him in his official capacity.

17

18

19

20    **C. Subject Matter Jurisdiction**

ORDER - 7

1    Defendants Meyler, Hohenberg, and Bertolino contend the case should be

2 dismissed for lack of subject matter jurisdiction.  ECF No. 23 at 5; ECF No. 24 at

3 4-6; ECF No. 25 at 4-6.

4    Although Plaintiff alleges the Court has federal question jurisdiction, ECF

5 No. 1 at 4, it is not clear what federal rights Plaintiff alleges have been violated.

6 As discussed in the December 5, 2023 Order, ECF No. 5, Plaintiff does not clearly

7 set forth a First Amendment claim, and she does not explain how the Fair Debt

8 Collection Practice Act (FDCPA) was violated, nor which portion(s) were

9 allegedly violated.  While Plaintiff contends she is presenting criminal and civil

10 claims, Plaintiff may not bring criminal claims.  *See, e.g., United States v. Nixon*,

11 418 U.S. 683, 693 (1974).  Plaintiff also completed the portion of the civil cover

12 sheet that applies to diversity cases.  ECF No. 1-1.  However, she has not presented

13 any facts to support a finding that diversity jurisdiction exists.

14    Defendant Hohenberg contends jurisdictional dismissal is appropriate

15 because Plaintiff does not allege a coherent, plausible, and non-frivolous claim that

16 provides a basis for jurisdiction.  ECF No 24 at 4-5.  Defendants Bertolino and

17 Meyler also contend Plaintiff has failed to establish subject matter jurisdiction.

18 ECF No. 23 at 5; ECF No. 25 at 5-7.  Plaintiff's response does not address

19 Defendants' contention.  ECF No. 27.  As Plaintiff has not presented facts to

20

ORDER - 8

1    support a finding that federal question jurisdiction nor diversity jurisdiction exists,

2    Plaintiff has failed to establish that the Court has subject matter jurisdiction.

3        **D. Failure to State a Claim**

4        Defendants Meyler, Hohenberg, and Bertolino contend Plaintiff has failed to

5    state a claim.  ECF No. 23 at 5-6; ECF No. 24 at 6-7, ECF No. 25 at 6-8.  A

6    complaint must contain more than "a formulaic recitation of the elements of a

7    cause of action." *Bell Atl. Corp.*, 550 U.S. at 555.  The complaint must plead

8    "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

9    Liberally construing the complaint in the light most favorable to Plaintiff, the

10   Court finds that Plaintiff has failed to state a claim upon which relief may be

11   granted.  Plaintiff's Complaint largely addresses claims of criminal actions and

12   does not set forth any facts to support a civil claim.  While Plaintiff mentions the

13   First Amendment and FDCPA, she does not support the bare assertions of

14   violations of her rights.  Plaintiff's response does not address Defendants'

15   contention.  ECF No. 27.  As such, Plaintiff has failed to state a claim.

16       **E.  Doctrine Against Claim Splitting**

17       Defendant Meyler contends, in the alternative, that the claims against him

18   should be dismissed because they are duplicative of Plaintiff's prior claim against

19   him.  ECF No. 23 at 6-7 (citing *Espinda v. Meyler*, 4:23-cv-05085-MKD (E.D.

20   Wash. June 8, 2023).  The Court need not reach this issue, as the Court finds

1  Plaintiff has failed to establish subject matter jurisdiction and has failed to state a

2  claim.

3     **F. John Does and Et al.**

4        Plaintiff's Complaint lists "John Does (Investors) 1-10,000" as defendants in

5  the caption. ECF No. 1 at 1. The facts section of the Complaint does not address

6  the investors. *Id.* at 11-14. The investors are not identified in any way, and there

7  are no specific allegations as to the investors. The use of "John Doe" or "Jane

8  Doe" to identify a defendant is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642

9  (9th Cir. 1980).

10        Plaintiff also lists "Et al" in the Complaint caption. ECF No. 1 at 1.

11 Plaintiff is using the abbreviation "et al." inappropriately. *See Ferdik v. Bonzelet*,

12 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992). Plaintiff names

13 additional individuals in the body of the Complaint, who are not listed in the case

14 caption. It is unclear who the "Et al" is intended to apply to. Plaintiff must name

15 all Defendants in the caption of the Complaint. *See Ferdik*, 963 F.2d at 1262.

16 Failing to name all Defendants in the Complaint denies the Court jurisdiction over

17 the unnamed Defendants. Fed. R. Civ. P. 10(a). Plaintiff has failed to state a

18 plausible claim against any of the Doe or unnamed Defendants.

19

20

ORDER - 10

1     **G. Dismissal of Defendant Croskrey**

2       All Defendants except Defendant Croskrey have been dismissed for the

3 reasons discussed herein.  Although Defendant Croskrey has not appeared in the

4 case, the Court finds dismissal is appropriate.  The Court may dismiss a complaint

5 pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  *See Omar*

6 *v. Sea–Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may

7 dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made

8 without notice where the claimant cannot possibly win relief.").  A paid complaint

9 that is "obviously frivolous" may be dismissed *sua sponte*.  *Franklin v. Murphy*,

10 745 F.2d 1221, 1227 n. 6 (9th Cir.1984); see also Fed. R. Civ. P. 12(h)(3).

11       The Court may also dismiss a complaint by its own motion for failure to

12 comply with Federal Rule of Civil Procedure 8.  *Hearns v. San Bernardino Police*

13 *Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires a complaint to include

14 a "short and plain statement of the claim," and "each allegation must be simple,

15 concise, and direct," and a complaint that is so confusing that its "true substance, if

16 any, is well disguised" may be dismiss on the Court's own motion.  *Id.* (quoting

17 *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969)).  A complaint

18 that fails to provide defendants fair notice of the wrongs they have allegedly

19 committed does not comply with Rule 8.  *McHenry v. Renne*, 84 F.3d 1172, 1178

20 (9th Cir. 1996).

ORDER - 11

1    As discussed *supra*, Plaintiff's Complaint fails to state a claim. It also fails

2   to comply with Rule 8, as it largely addresses claims of criminal actions and does

3   not set forth any facts to support a civil claim. While Plaintiff mentions the First

4   Amendment and FDCPA, she does not elaborate on either claim. Plaintiff's

5   Complaint thus fails to provide Defendant Croskrey fair notice of the wrongs he

6   has allegedly committed. The claims against Defendant Croskrey are dismissed.

7   **H. Conclusion**

8    The Complaint is dismissed for the reasons discussed herein. Unless it is

9   clear that an amendment would be futile, a *pro se* litigant must be given the

10  opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*,

11  809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28

12  U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

13  2012). As discussed herein, and in the December 5, 2023 Order, ECF No. 5,

14  Plaintiff's allegations largely relate to alleged criminal actions and have no basis in

15  civil law. Plaintiff has presented no facts to support a finding that any government

16  actors, acting in their official capacity, should not be entitled to immunity under

17  the Eleventh Amendment, nor that Defendant Judge Burrowes should not be

18  entitled to judicial immunity. As Plaintiffs claims appear to be without merit, and

19  the deficiencies cannot be cured, allowing amendment would be futile. Fed. R.

20  Civ. P. 15(a)(2); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)

ORDER - 12

1 | (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).  While Plaintiff filed a

2 | response to the motions to dismiss, she did not substantively respond to any of the

3 | defendants' contentions.  ECF No. 27.  Plaintiff's failure to substantively respond

4 | to the Motions to Dismiss also demonstrates an inability or unwillingness to make

5 | necessary amendments.  *See Anderson v. Navy Fed. Credit Union*, No. 3:23-CV-

6 | 05506-DGE, 2023 WL 6481518, at \*3 (W.D. Wash. Oct. 5, 2023) (citing *Carrico*

7 | *v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)); *see also*

8 | *Bachmeier v. Einerson*, No. 3:23-CV-00179-SLG, 2023 WL 6796213, at \*3 (D.

9 | Alaska Oct. 13, 2023) (citing *Culpepper v. Biddle*, Case No. CV 18-8826-JFW

10 | (GJS), 2018 U.S. Dist. LEXIS 187497, at \*8, \*11 (C.D. Cal. 2018)).  Thus, the

11 | case is dismissed with prejudice.

12 |    Accordingly, **IT IS HEREBY ORDERED:**

13 |    1. Defendant Judge Burrowes' Motion to Dismiss, **ECF No. 12**, is

14 | **GRANTED.**

15 |    2. Defendant Meyler's Motion to Dismiss, **ECF No. 23**, is **GRANTED.**

16 |    3. Defendant Hohenberg's Motion to Dismiss, **ECF No. 24**, is **GRANTED.**

17 |    4. Defendant Bertolino's Motion to Dismiss, **ECF No. 25**, is **GRANTED.**

18 |    5. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED with prejudice.**

19 |

20 |

ORDER - 13

1    **IT IS SO ORDERED.**  The District Court Clerk is hereby directed to enter

2    this Order, provide a copy to *pro se* Plaintiff and counsel, and **CLOSE** the case.

3

4        DATED February 21, 2024.

5                            *s/Mary K. Dimke*
                             MARY K. DIMKE
                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER - 14